### MARCUS v. STEIN.

(Supreme Court, Appellate Term. November 18, 1903.)

1. PERSONAL PROPERTY—INJURIES—DAMAGES—EVIDENCE.
    In an action for injuries to personal property, evidence as to the value of the injured goods to plaintiff, as distinguished from the market value of the goods in their damaged condition, was inadmissible.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Max Marcus against Adolph Stein. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Sands & Wasservogel, for appellant.
Isaac Cohen, for respondent.

BLANCHARD, J. This action is brought by the plaintiff, a tenant of a store on the ground floor of the building in which the defendant, a dentist, occupies the floor above. The plaintiff claims that certain of his merchandise was damaged by water which overflowed from a faucet attached to a dentist's chair in the premises occupied by the defendant. The defendant claims that error was committed by the court below in its ruling on questions of evidence as follows: The plaintiff had given evidence as to the value of certain merchandise claimed by him to have been damaged. The following then ensued:

"Q. What became of all these goods? A. I have them. Q. What are they worth? (Defendant's counsel objected as calling for a conclusion. The Court: Objection sustained.) Q. Are those goods worth as much now as they were before? (Defendant's Counsel: Objected to as incompetent and improper. The Court: Objection overruled. Exception.) A. No, sir. Q. They are not? A. No, sir. Q. Are they of any use to you at all? (Defendant's Counsel: Objected as incompetent, immaterial, and irrelevant. The Court: Objection overruled. Exception.) A. No, sir. * * * Q. In all, you

say the goods are not worth—or you say that the .goods are worth nothing to you. What damage did you sustain? (Defendant's counsel objected as calling for a conclusion. The Court:   Objection overruled.   Exception.)   A. $228."

In our opinion this evidence was clearly incompetent. It was immaterial whether the water damaged goods were of use to the plaintiff. The question was, what were the goods worth in the market in their damaged condition?

Judgment must be reversed and a new trial ordered, with costs to appellant to abide event. All concur.